```
              UNITED STATES BANKRUPTCY COURT
            MIDDLE DISTRICT OF NORTH CAROLINA
                    GREENSBORO DIVISION
```

IN RE:                              )
                                    )
Lonnie Lee Tucker and               )    Case No. 09-11443C-7G
Celeste Watkins Tucker,             )
                                    )
                                    )
        Debtors.                    )
                                    )

## OPINION AND ORDER

This case came before the court on December 1, 2009, pursuant to section 524 of the Bankruptcy Code, for consideration of a reaffirmation agreement between the Debtors and Southeast Toyota Finance ("Creditor") and to show cause as to why the reaffirmation agreement should not be stricken as a result of a failure to comply with Rule 4008(a) of the Federal Rules of Bankruptcy Procedure. Tommy S. Blalock, III appeared on behalf of the Debtors.

The reaffirmation agreement pertains to a debt in the amount of $20,842.23 which is secured by a 2009 Toyota Camry. The reaffirmation agreement was filed with the court on November 17, 2009, and was therefore not filed with the court within sixty (60) days after the first date set for the section 341 meeting of creditors as required by Bankruptcy Rule 4008(a). The Debtors filed their bankruptcy petition on August 4, 2009, and on the same date filed their statement of intentions indicating that they intended to retain the 2009 Toyota and reaffirm the debt with the Creditor. The Debtors and their counsel signed the agreement and returned it to the lender on September 14, 2009, which was well

before the expiration of the 60-day period specified in Rule 4008(a), but the agreement nonetheless was not filed by the Creditor until November 17, 2009, which was after the expiration of the 60-day period.

Upon reviewing the agreement, the record in this case, and the matters presented at the hearing, the court finds that the Debtors properly filed their statement of intention indicating that they wanted to reaffirm the debt, as required by section 524(c), and further, the Debtors signed the reaffirmation agreement and took all reasonable steps to perform their intention to reaffirm pursuant to section 521(a)(2) in a timely manner.

It is therefore ORDERED that the reaffirmation agreement between the Debtors and the Creditor, filed on November 17, 2009, is stricken and will not be approved by the court as the reaffirmation agreement was not filed with the court within sixty (60) days, as required by Bankruptcy Rule 4008(a). Further, since the Debtors timely complied with the requirements of section 524(c) and 521(a)(2), and in all respects agreed to reaffirm the debt on the original terms of the contract, and were not responsible for the failure to file the reaffirmation agreement within the time allowed under Rule 4008(a), the court adjudges that (1) the automatic stay remains in effect, (2) the 2009 Toyota referred to in the agreement remains property of the estate pursuant to section 362(h)(1)(B), and (3) any ipso facto clause in the security

agreement or other document signed by the Debtors remains ineffectual, as provisions of section 521(d) that would give it effect have not been met, so long as the Debtors remain current in their payments on the property.  See <u>Coastal Federal Credit Union v. Hardiman</u>, 398 B.R. 161, 189 (E.D.N.C. 2008); <u>In re Husain</u>, 364 B.R. 211 219 (Bankr. E.D. Va. 2007); <u>In re Hinson</u>, 352 B.R. 48, 53 (Bankr. E.D.N.C. 2006).

This 1st day of December, 2009.

*/s/ William L. Stocks*
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Tommy S. Blalock, Esq.
604 Green Valley Road, Suite 210
Greensboro, NC 27408

Lonnie Lee Tucker
Celeste W. Tucker
8534 Adkins Road
Colfax, NC 27235

Southeast Toyota Finance
Attn: Bryan Kostura
P.O. Box 70832
Charlotte, NC 28272-0832

Michael D. West, Bankruptcy Administrator